# TRAIN, ADMINISTRATOR, ENVIRONMENTAL PROTECTION AGENCY *v.* CAMPAIGN CLEAN WATER, INC.

No. 73–1378.   Argued November 12, 1974— Decided February 18, 1975

*Solicitor General Bork* argued the cause for petitioner. With him on the briefs were *Assistant Attorney General Hills, Deputy Solicitor General Friedman, Edmund W. Kitch, William L. Patton, Robert E. Kopp, Eloise E. Davies,* and *David M. Cohen.*

*W. Thomas Jacks* argued the cause for respondent. With him on the brief was *Alan B. Morrison.*\*

---

\*Briefs of *amici curiae* were filed by *Evelle J. Younger,* Attorney General, *pro se, Robert H. O'Brien,* Senior Assistant Attorney General, and *Nicholas C. Yost,* Deputy Attorney General, for the Attorney General of California; by *Frank J. Kelley,* Attorney Gen-

PER CURIAM.

On January 15, 1973, respondent filed a complaint in the District Court seeking to compel the petitioner, as Administrator of the Environmental Protection Agency, to allot among the States the full sums authorized to be appropriated for fiscal years 1973 and 1974 by § 207 of the Federal Water Pollution Control Act, as added by the Amendments of 1972, 86 Stat. 839, 33 U. S. C. § 1287 (1970 ed., Supp. II), for federal grants to municipalities for construction of publicly owned waste treatment works. Although conceding in the trial court that the Administrator had a measure of discretion in making the allot-

eral, *Robert A. Derengoski*, Solicitor General, and *Stewart H. Freeman* and *Charles Alpert*, Assistant Attorneys General, for the State of Michigan; by *Warren Spannaus*, Attorney General, *Byron E. Starns*, Deputy Attorney General, *Peter W. Sipkins*, Solicitor General, and *Eldon G. Kaul*, Special Assistant Attorney General, for the State of Minnesota; by *William J. Brown*, Attorney General, and *Richard P. Fahey*, and *David E. Northrop*, Assistant Attorneys General, for the State of Ohio; by *John L. Hill*, Attorney General, *Larry F. York*, First Assistant Attorney General, and *Philip K. Maxwell*, Assistant Attorney General of Texas, *Robert W. Warren*, Attorney General, and *Theodore L. Priebe*, Assistant Attorney General of Wisconsin, *John C. Danforth*, Attorney General, and *Robert M. Lindholm*, Assistant Attorney General of Missouri, *Larry Derryberry*, Attorney General, and *Paul C. Duncan*, Assistant Attorney General of Oklahoma, and *Vern Miller*, Attorney General, and *Curt T. Schneider*, Assistant Attorney General of Kansas, for the States of Texas, Wisconsin, Missouri, Oklahoma, and Kansas; by *Andrew P. Miller*, Attorney General, *Gerald L. Baliles*, Deputy Attorney General, and *James E. Ryan, Jr.*, Assistant Attorney General, for the Commonwealth of Virginia; by *Slade Gorton*, Attorney General, *Charles B. Roe, Jr.*, Senior Assistant Attorney General, and *Martin J. Durkan* and *James B. McCabe*, Special Assistant Attorneys General of Washington, and *Israel Packel*, Attorney General, and *James R. Adams*, Deputy Attorney General of Pennsylvania, for the State of Washington and the Commonwealth of Pennsylvania; and by *Fletcher N. Baldwin, Jr.*, for the Center for Governmental Responsibility.

ments authorized by § 205 of the Act, 86 Stat. 837, 33 U. S. C. § 1285 (1970 ed., Supp. III), respondent asserted that the Administrator had abused his discretion by allotting only 45% of the sums authorized to be appropriated by § 207. In sustaining respondent's position, the District Court rejected the holding by the United States District Court for the District of Columbia in *City of New York* v. *Ruckelshaus*, 358 F. Supp. 669 (1973), that the Administrator has no discretion to allot less than the full amounts authorized by the Act. The Court of Appeals proceeded on the premise that there was discretion to control or delay allotments but concluded that further proceedings were essential to determine whether the Administrator's discretion had been abused. The Administrator petitioned for certiorari, asserting that the exercise of his discretion to allot funds under § 205 is not subject to judicial review.* We granted certiorari, 416 U. S. 969 (1974), and heard the case with *Train* v. *City of New York, ante,* p. 35.

We held in *Train* v. *City of New York* that the Administrator has no authority under § 205 to allot less than the full amounts sought to be appropriated under § 207. Because that holding is at odds with the premise underlying the judgment of the Court of Appeals, we vacate the judgment of the Court of Appeals and remand the case for further proceedings consistent with this opinion and with the opinion in *Train* v. *City of New York.*

*So ordered.*

MR. JUSTICE DOUGLAS concurs in the result.

---

*The petition also asserted that the doctrine of sovereign immunity foreclosed ordering the Administrator to allot funds that he had withheld in the course of exercising his discretion under the Act. In light of *Train* v. *City of New York, ante,* p. 35, and our disposition of the instant case, we need not address this question.