STATE OF IOWA ex rel. STATE HIGHWAY COMMISSION, Appellee,

v.

Claude S. BRINEGAR, Secretary of Transportation,

and

Roy L. Ash, Director, Office of Management and Budget, Appellants.

No. 74-1536.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 10, 1974.

Decided March 6, 1975.

---

David M. Cohen, Atty., Dept. of Justice, Washington, D. C., for appellant.

John W. Baty, Asst. Atty. Gen., Dept. of Transp., Ames, Iowa, for appellee.

Before BRIGHT and ROSS, Circuit Judges, and SCHATZ,* District Judge.

PER CURIAM.

The State of Iowa brought this action against the Secretary of Transportation and the Director of the Office of Management and Budget [hereinafter referred to collectively as "Secretary"] seeking judicial review of decisions of these federal officials regarding the rate at which federal-aid highway funds are available to the state for contractual obligation pursuant to the Federal-Aid Highway Act, 23 U.S.C. § 101 et seq. Declaratory and injunctive relief in the form of mandamus was sought ordering the defendants to release all funds authorized and apportioned to Iowa for contractual obligation under the Act. It was agreed that these apportioned yet unavailable funds amounted to over $115 million. Subject-matter jurisdiction was predicated on 28 U.S.C. §§ 1331(a) and 1361.

In an unpublished "Ruling on Motion" District Judge W. C. Stuart, after determining that jurisdiction was established and that the controversy was a justiciable one, found that the Secretary does not have discretion under the Act to withhold funds duly apportioned to the state. He, therefore, granted the relief prayed for by the state, ordering the release of all of Iowa's impounded federal highway funds. This appeal followed.

■ The disposition of this case is controlled by this Court's decision in State Highway Commission v. Volpe, 479 F.2d 1099 (8th Cir. 1973), which is virtually indistinguishable from it.[1] In *Volpe* it was held that the federal district courts have jurisdiction of cases of this type and that they present justiciable controversies. *Id.* at 1104–1107. This Court also concluded that the Secretary has no discretion under the Federal-Aid Highway Act to withhold the authority to obligate apportioned funds where the only reason advanced for doing so is to control inflationary pressures. *Id.* at 1118.

---

* ALBERT G. SCHATZ, United States District Judge, District of Nebraska, sitting by designation.

1. During oral argument before this Court the United States attorney representing the Secretary admitted that there are no significant factual differences between this case and *Volpe* and that a decision herein favorable to the Secretary would be inconsistent with the decision in the *Volpe* case.

The judgment of the district court is in conformity with the opinion in State Highway Commission v. Volpe, *supra,* and is, therefore, affirmed.[2] Mandate shall issue forthwith.

**2.** At the time this case was submitted to this Court the Supreme Court had before it two cases involving the issue of whether the Administrator of the Environmental Protection Agency could refuse to *allot* to the states the entire amount authorized to be appropriated for sewage treatment plant construction under the Federal Water Pollution Control Act Amendments of 1972, 86 Stat. 816, 33 U.S.C. § 1251 et seq. We delayed rendering a decision herein until those two cases had been decided by the Court because, as the Secretary argued, the Supreme Court's opinions might have shed some light on the permissible limits of the Secretary's discretion to *withhold* funds.

Those two cases have now been decided and offer no guidance to this Court on the specific issues involved in this case. *See* Train v. City of New York, 420 U.S. 35, 95 S.Ct. 839, 43 L.Ed.2d 43 (1975); Train v. Campaign Clean Water, Inc., 420 U.S. 136, 95 S.Ct. 847, 43 L.Ed.2d 82 (1975).