**STATE OF MINNESOTA, by Warren SPANNAUS, its Attorney General, and Ray Lappegaard, its Commissioner of Highways, Plaintiffs,**

v.

**William COLEMAN, Secretary of Transportation, and Roy Ash, Director, Office of Management and Budget, Defendants.**

**No. 3–73–Civil–305.**

United States District Court,
D. Minnesota,
Third Division.

April 9, 1975.

———◆———

Warren Spannaus, Atty. Gen., Eric Schultz, Deputy Atty. Gen., Craig R. Anderson, Sp. Asst. Atty. Gen., St. Paul, Minn., for plaintiffs.

Irving Jaffe, Acting Asst. Atty. Gen., Washington, D. C., Robert G. Renner, U. S. Atty., Thorwald H. Anderson, Jr., Asst. U. S. Atty., Minneapolis, Minn., Eugene R. Sullivan, Washington, D. C., for defendants.

## MEMORANDUM & ORDER

DEVITT, Chief Judge.

Minnesota, through its Attorney General and Commissioner of Highways, seeks declaratory and injunctive relief against federal officials who have impounded approximately 42 million dollars of appropriated funds allocated to Minnesota for fiscal year 1975 under the Federal-Aid Highway Act, 23 U.S.C. § 101 et seq.

Defendants contend the Executive Department has discretion to impound appropriated funds to control inflation.

Plaintiffs move for summary judgment. Defendants move for dismissal or, alternatively, for summary judgment. Affidavits have been filed. The pertinent facts have been stipulated. It is agreed that there is no factual issue for resolution. Briefs have been filed and argument heard.

The issue is whether the federal officials, Secretary of Transportation and Director of the Office of Management and Budget, have authority to impound appropriated funds, in the exercise of executive discretion, in furtherance of the fight against inflation.

The statutory scheme of the Federal-Aid Highway program is composed of successive and separate stages of authorizations, apportionments, programs, projects, and appropriations. The basic authorization for appropriations for the interstate highway system are contained in § 108(b) of the Federal-Aid Highway Act of 1956 (P.L. 84–627, 70 Stat. 374, as amended, 23 U.S.C. § 101 note).

The funds expected to be available with respect to each fiscal year included in these authorizations are apportioned among the states on or before the first day of January preceding the fiscal year for which they are authorized to be appropriated, according to a statutory formula. 23 U.S.C. § 104(a), (b). Funds so apportioned remain available for obligation throughout that fiscal year and the next two fiscal years. Sect. 118(b).

After apportionment, the states submit programs of proposed highway projects to the Secretary of Transportation for approval. 23 U.S.C. § 105. If a program is approved by the Secretary, the state submits "such surveys, plans, specifications and estimates for each proposed project included in an approved program as the Secretary may require." Approval of a specific project by the Secretary "shall be deemed a contractual obligation of the federal government for the payment of its proportional contribution thereto." 23 U.S.C. § 106(a).

Once a project has been approved, it becomes eligible for federal reimbursement. Funds are actually disbursed to the states for approved projects pursuant to appropriations vouchers as the work progresses. 23 U.S.C. § 121.

For several years, at least since 1966, defendants and their predecessors in office have imposed "contract controls" on funds duly apportioned to Minnesota from year to year under the Federal-Aid Highway Program. Such withholding apparently had the approval of the Attorney General of the United States, 42 Opinions of the Attorney General, 32 (1967), and of the Comptroller General, Comp.Gen.Sec. B–160891, Feb. 24, 1967. These controls, applied at the apportionment stage, have had the effect of denying to Minnesota a certain portion of the funds apportioned to it for each fiscal year since fiscal year 1967. Funds so withheld have been released to the state from time to time, usually after substantial delays, and when, in the judgment of defendants and their predecessors, such a release was appropriate. All funds apportioned to Minnesota under the program for fiscal years up to and including 1974, have now been made available to it for obligation. As of February 11, 1975, however, a total of $68,969,836.00 of the $120,433,502.00 ap-

portioned to Minnesota for fiscal year 1975 was still being withheld. On February 11, 1975 the President announced the release nationwide of $2 billion in then-impounded Federal-Aid Highway funds. These funds will be made available to the states on a first-come first-served basis and Minnesota anticipates receiving about $26,000,000.00 thereof.

Defendants continue to withhold the balance of Minnesota's fiscal year 1975 apportionment, approximately 42 million dollars. The Minnesota legislature is now in session and plaintiffs represent that legislative leaders need to know the extent of federal funds available to Minnesota in planning appropriations for cooperative federal-state and other highway programs.

The court has jurisdiction and there is a justiciable issue, 28 U.S.C. §§ 1331(a), 1361. Train v. City of New York, 420 U.S. 35, 95 S.Ct. 839, 43 L. Ed.2d 1, State Highway Commission of Missouri v. Volpe, 479 F.2d 1099 (8th Cir. 1973).

Meritorious as may be the stated purpose for the impoundment of these funds, there is no authority in federal law for the President to interdict the action of Congress in appropriating the money for use of the states. Under the scheme of operations of the federal-state highway program as outlined above, the only discretionary authority of the Executive is that conferred by 23 U.S.C. § 109. This section sets the guidelines for executive action intended to insure safety, environmental and other standards which must be satisfied precedent to approval for federal reimbursement. There is no authority granted to the Executive to withhold funds for any other reason such as in the interest of combatting inflation. If Congress had intended to confer this authority, it certainly would have said so in express language. Indeed, following the earlier impoundment actions of the Executive, the Congress confirmed the absence of the grant of such authority by express and strong language in the Conference Committee Report on the Federal-Aid Highway Act

of 1973. See Conference Report, No. 93–355, 93rd Congress, 1st Sess.1973, U. S.Code Cong. and Admin.News, pp. 1939, 1976.

I am satisfied that the federal officials do not have discretion to withhold appropriated funds for reasons remote and unrelated to the Federal-Aid Highway Act, such as those urged here. State Highway Commission of Missouri v. Volpe, *supra*, Iowa, ex rel. State Highway Commission v. Brinegar, 512 F.2d 722 (8th Cir. Mar. 6, 1975).

Plaintiffs' motion for summary judgment is granted. Defendants' motions for dismissal or summary judgment are denied.

It is declared that defendants' actions in withholding authority from the State of Minnesota to obligate federal funds allocated to it under the Federal-Aid Highway Act for fiscal year 1975 are unauthorized and defendants are directed to release such funds from impoundment.